■ In the Matter of ELLYN S. PERLMAN, Respondent, v BOARD OF APPEALS OF THE VILLAGE OF GREAT NECK ESTATES, Appellant.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Board of Appeals of the Village of Great Neck Estates dated February 16, 1989, as, after a hearing, imposed conditions upon the granting of an area variance to the petitioner, the appeal is from a judgment of the Supreme Court, Nassau County (Wager, J.), entered November 8, 1989, which annulled so much of the determination as imposed the conditions.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed insofar as reviewed, and the proceeding is dismissed.

The appellant Board of Appeals of the Village of Great Neck Estates argues that the conditions it imposed upon granting the petitioner a variance were reasonable and that its determination with respect thereto was supported by substantial evidence. We agree, finding that the judgment annulling the conditions should be reversed and the petition dismissed.

Upon review, a determination of a zoning board should be regarded as presumptively correct (see, Matter of Finger v Levenson, 163 AD2d 477; 2 Anderson, New York Zoning Law and Practice § 26.17 [3d ed]). Local zoning boards have discretion in considering applications for variances and judicial review of a determination made after a hearing at which evidence was taken is limited to determining whether the determination is supported by substantial evidence (see, CPLR 7803 [4]; Matter of Fuhst v Foley, 45 NY2d 441; Matter of Cowan v Kern, 41 NY2d 591). Furthermore, a zoning board may impose conditions in conjunction with the granting of a variance as long as the conditions are "reasonable and relate only to the real estate involved without regard to the person who owns or occupies it" (Matter of Dexter v Town Bd., 36 NY2d 102, 105; see also, Matter of St. Onge v Donovan, 71 NY2d 507).

We note that Great Neck Estates Village Code § 128-17, as amended after the determination by the Board of Appeals but prior to the commencement of this proceeding, is applicable to

this appeal insofar as it is germane *(see, Matter of Armonas v Pratt,* 138 AD2d 697; *Lander v Wilson,* 100 AD2d 896). That ordinance provides that no fence or wall shall exceed six feet in height and that fences may be erected to a maximum height of four feet on a side property line and six feet on a rear property line.

The Board of Appeals granted the petitioner a variance to construct a five-foot high fence on property that had been regraded as much as three feet above its natural state by installation of a railroad tie retaining wall. Because that retaining wall rose above the natural grade of the property, it is considered to be a wall for purposes of Great Neck Estates Village Code § 128-17, and, thus, the combined maximum height of the wall and fence is eight feet and, therefore, prohibited by the ordinance. The variance was conditioned upon the petitioner setting a portion of the fence back five feet from the property line and maintaining specified screen plantings. The imposition of these conditions was reasonable and the necessity for them is supported by substantial evidence. Therefore, the Supreme Court erred in vacating the conditions.

We have examined the appellant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.