■ TOWN OF ISLIP, Respondent-Appellant, v DOWLING COLLEGE, Appellant-Respondent. [712 NYS2d 160] —In an action for a judgment declaring that catering events and driver's education courses for nonmatriculating students at Dowling College are nonpermitted uses under the Code of the Town of Islip, (1) the defendant appeals from (a) a judgment of the County Court, Suffolk County (Kitson, J.), dated April 19, 1999, which, upon a stipulation of facts, declared that catering events and driver's education courses for nonmatriculating students are nonpermitted uses under the Code of the Town of Islip, and (b) so much of an amended judgment of the same court, dated November 3, 1999, as, upon renewal, adhered to that portion of the judgment which declared that driver's education courses for nonmatriculating students at Dowling College are nonpermitted uses under the Code of the Town of Islip, and (2) the

plaintiff cross-appeals from so much of the amended judgment as, upon renewal, vacated that portion of the judgment which declared that catering events are a nonpermitted use under the Code of the Town of Islip and declared that catering events are permitted uses under the Code of the Town of Islip.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, by deleting the third decretal paragraph thereof declaring that driver's education courses for nonmatriculating students at Dowling College are nonpermitted uses under the Code of the Town of Islip and substituting therefor a decretal paragraph declaring that driver's education courses for nonmatriculating students at Dowling College are permitted uses under the Code of the Town of Islip; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff, Town of Islip, commenced this action for a judgment declaring that catering events and driver's education courses for nonmatriculating students at the defendant, Dowling College, are nonpermitted uses under its zoning code.

Educational institutions enjoy special treatment with respect to residential zoning ordinances because these institutions presumptively serve the public's welfare and morals (*see, Cornell Univ. v Bagnardi,* 68 NY2d 583; *Matter of Lawrence School Corp. v Lewis,* 174 AD2d 42). Educational institutions are generally permitted to engage in activities and locate on their property facilities for such social, recreational, athletic, and other accessory uses as are reasonably associated with their educational purpose (*see generally, Matter of Brown v Board of Trustees,* 303 NY 484; *Matter of Lawrence School Corp. v Lewis,* 174 AD2d 42, *supra*).

The activities at issue in this case are permitted educational uses of the subject property and the restrictions which the plaintiff seeks to place on these activities would be impermissible (*see generally, Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508; *Matter of New York Inst. of Technology v Le Boutillier,* 33 NY2d 125; *Matter of Summit School v Neugent,* 82 AD2d 463). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.