In the Matter of JOSEPH MAROTTA et al., Appellants, v RICHARD I. SCHEYER et al., Respondents. [835 NYS2d 421]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated January 31, 2005, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from (1) a decision of the Supreme Court, Suffolk County (Werner, J.), dated September 23, 2005, and (2) a judgment of the same court entered December 9, 2005, which, upon the decision, denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination of the Zoning Board of Appeals of the Town of Islip dated January 31, 2005 is annulled, and the matter is remitted to the Zoning Board of Appeals of the Town of Islip for a new hearing and new determination on the petitioners' application for an area variance.

Local zoning boards have broad discretion in considering applications for area variances, and courts may set aside a zoning board's determination only where the zoning board acted illegally or arbitrarily, or abused its discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). Thus, a zoning board's determination denying an application for an area variance should be sustained if it has a rational basis, and is not arbitrary and capricious (*see Matter of Hannett v Scheyer*, 37 AD3d 603 [2007]). Here, however, we find that the determination of the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) denying the petitioners' application for an area variance from the local zoning code's height limitation should have been annulled, as it lacked a rational basis, and was arbitrary and capricious.

In deciding the petitioners' application, the ZBA commented that "it [was] hard" for it "to understand" why the height of the new house that was depicted in the petitioners' building plans, and which had been revised two times, "suddenly jumped up . . . 4 feet" in the final revision. The ZBA then indicated that, as a consequence of the change in height, the house was now 2.71 feet over the zoning code's maximum height limitation, which was 35 feet.

The ZBA then proceeded to engage in the balancing test set forth in Town Law § 267-b (3). In so doing, the ZBA, which acknowledged that the requested variance was "only about 10%" (*see* Town Law § 267-b [3] [b] [3]), found, inter alia, that the petitioners' "[h]ardship, if any, [was] totally self-imposed" (*see* Town Law § 267-b [3] [b] [5]). After considering other relevant factors, the ZBA denied the petitioners' application for the area variance. The Supreme Court denied the petition challenging the ZBA's determination. We reverse.

Section 68-3 of the Town of Islip Zoning Code (hereinafter the Zoning Code), which constitutes the Zoning Code's "definitions" section, provides as follows: "BUILDING HEIGHT—Unless otherwise stated, the vertical distance from the average grade of

the ground at the base of the structure, or the average grade at the street, whichever is less, to the highest point of the roof, provided that chimneys, spires and similar permitted projections shall not be included in the height." According to the original plans for the house, which were approved by a Town Building Examiner, the height of the house, which was measured from the average grade of the ground at the base of the house, was 35 feet.

After receiving a building permit, and "fram[ing] and sheath[ing]" the house, the petitioners modified the house by extending its second story over its garage. This modification, which was accomplished by changing the "pitch of the roof," did not change the actual height of the house. The petitioners' architect then submitted amended plans that depicted this modification to a different Town Building Examiner. The amended plans showed that the actual height of the house was 33 feet, 9 inches.

Even though the petitioners had measured the height of the house from the average grade of the ground at the base of the house, and had received a building permit, the Town Building Examiner who reviewed the amended plans determined that the measurement for the height should be taken from the average grade at the street in front of the house. Using that measurement method, the height of the house was 37.71 feet, and hence, greater than the zoning code's maximum height limitation.

Use of that method explains why the height of the house appeared to "suddenly jump [ ] up . . . 4 feet" between the plans' revisions. Moreover, it establishes that the petitioners' hardship was not, as the ZBA found, "totally self-imposed." The ZBA thus misapprehended the facts that were before it, and this misunderstanding influenced the ZBA's consideration of the factors that Town Law § 267-b (3) required it to consider.

Under these circumstances, we conclude that the ZBA's determination to deny the petitioners' application for the area variance was "without sound basis in reason," and made "without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Accordingly, the determination, which was arbitrary and capricious, should have been annulled (*see* CPLR 7803 [3]). Thus, we remit the matter to the ZBA for a new determination on the petitioners' application for an area variance. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.