■ In the Matter of Troy Rosasco, Respondent, v Village of Head of the Harbor et al., Appellants. [859 NYS2d 731]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Head of the Harbor dated June 26, 2006, which, after a hearing, denied the petitioner's application for a side yard variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated October 2, 2007, which, inter alia, granted the petition and annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

"[L]ocal zoning boards have broad discretion in considering applications for area variances and the judicial function in reviewing such decisions is a limited one. Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

Here, the Supreme Court correctly annulled the determination of the Zoning Board of Appeals of the Village of Head of the Harbor (hereinafter the Zoning Board) denying the petitioner's application for a side yard variance to construct a swimming pool on his noncomplying parcel. Considering the relevant factors (*see* Town Law § 267-b [3]), there was no basis in the record for the Zoning Board's determination that the variance would result in an undesirable change in the character of the community or would adversely affect the physical or environmental conditions in the neighborhood (*see Matter of Marro v Libert*, 40 AD3d 1100, 1102 [2007]; *Matter of Marotta v Scheyer*, 40 AD3d 645, 647 [2007]) and the record does not support the Zoning Board's conclusion that the alternative locations for the pool suggested by the Planning Board were feasible (*see Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 693 [2007]). Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.