■ In the Matter of DONALD GRASSO et al., Appellants, v TOWN OF WEST SENECA et al., Respondents. (Appeal No. 1.) [881 NYS2d 247]—Appeal from a judgment of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 23, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

Now, upon the stipulation dismissing the petition against respondent James P. Higgins, S.J., as president of Canisius High School, signed by petitioners and the attorneys for respondents and filed in the Erie County Clerk's Office on May 1, 2009,

It is hereby ordered that said appeal with respect to respondent James P. Higgins, S.J., as president of Canisius High School, is unanimously dismissed upon stipulation and the judgment is otherwise affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Zoning Board of Appeals of the Town of West Seneca (ZBA) issuing a building permit for the construction of athletic facilities to respondent Canisius High School, also known as Canisius High School of Buffalo, New York, and respondent president thereof. They also sought to annul the negative decla-

ration issued pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]). We note at the outset that we agree with petitioners that Supreme Court erred in determining that it lacked jurisdiction over petitioners Donald Grasso and David Monolopolus based on their failure to verify the petition. Respondents are deemed to have waived that omission inasmuch as they never raised the issue or notified petitioners of it (*see Lepkowski v State of New York*, 1 NY3d 201, 210 [2003]; *Matter of Kocur v Erie County Water Auth.*, 292 AD2d 858 [2002]). We further conclude, however, that the petition need not be reinstated with respect to those petitioners because the court properly dismissed the petition in its entirety, on the merits. The determination of the ZBA that the proposed high school athletic facilities constituted a permissible educational use under the Town Code within the subject zoning district was neither unreasonable nor irrational (*see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *see generally Town of Islip v Dowling Coll.*, 275 AD2d 366, 367 [2000]). Further, we conclude on the record before us that respondent Town of West Seneca complied with SEQRA, i.e., it "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). We have reviewed petitioners' remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.