■ In the Matter of LAURIE DOLPHIN et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF SHELTER ISLAND, Appellant. [882 NYS2d 716]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the

Town of Shelter Island, dated November 28, 2007, as, after a hearing, denied that branch of the petitioners' application which was pursuant to section 133-23 (B) of the Town Code of the Town of Shelter Island for permission to restore more than 50% of the floor area of a residence and semidetached garage, the Zoning Board of Appeals of the Town of Shelter Island appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated April 1, 2008, which granted the petition, annulled the challenged portion of the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Shelter Island, in effect, with a direction to grant that branch of the petitioners' application which was pursuant to section 133-23 (B) of the Town Code of the Town of Shelter Island for permission to restore more than 50% of the floor area of the residence and semidetached garage.

Ordered that the judgment is affirmed, with costs.

"While local zoning boards have broad discretion . . . a determination cannot be sustained if it lacks a rational basis and is arbitrary and capricious" (*Matter of Bassano v Town of Carmel Zoning Bd. of Appeals*, 56 AD3d 665, 665 [2008]). Contrary to the contentions of the appellant Zoning Board of Appeals of the Town of Shelter Island (hereinafter the ZBA), the Supreme Court properly found that the ZBA's denial of that branch of the petitioners' application which was pursuant to section 133-23 (B) of the Town Code of the Town of Shelter Island for permission to restore more than 50% of the floor area of a residence and a semidetached garage was arbitrary and capricious (*see Matter of Rosasco v Village of Head of Harbor*, 52 AD3d 611 [2008]). The residence and semidetached garage had been lawfully connected since 1992 by an enclosed breezeway, and there is nothing in the record before the ZBA from which it can be concluded that the failure of the semidetached garage to comply with an applicable side-yard restriction, which predates the Town's zoning ordinance, has had any undesirable or detrimental effect on the neighborhood. In fact, the surrounding neighbors supported the petitioners' application to restore, and as pointed out by the ZBA, the proposed restoration would take place within the existing footprint of both the residence and the semidetached garage.

Under those circumstances, the Supreme Court properly granted the petition, annulled the challenged portion of the ZBA's determination, and remitted the matter to the ZBA, in effect, with a direction to grant the subject branch of the petitioners' application. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.