■ In the Matter of GREENTREE COUNTRY CLUB, INC., et al., Respondents, v CITY OF NEW ROCHELLE et al., Appellants. [989 NYS2d 108]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals on Zoning of the City of

New Rochelle dated January 10, 2012, which, after a hearing, denied the petitioners' application for a use variance to legalize the enclosure of two porches located in the clubhouse of a beach club, the appeal is from a judgment of the Supreme Court, Westchester County (Cacace, J.), dated July 30, 2012, which granted the petition, annulled the determination, and directed the respondents to issue a building permit to the petitioners.

Ordered that the judgment is affirmed, with costs.

The petitioners own and operate the Greentree Country Club in New Rochelle (hereinafter Greentree), a beach club with clubhouse facilities located in a three-story building overlooking Long Island Sound. The petitioners added two walls to each of two partly-enclosed outdoor porches on the second floor of the clubhouse to create secure storage and office space. After the City of New Rochelle issued the petitioners a violation for enclosing the porches without obtaining a building permit, the petitioners applied for a building permit from the City of New Rochelle. On August 18, 2011, the application was denied. The Deputy Building Official of the City of New Rochelle found that the enclosure of the porches was not a "renovation" within the scope of the Code of the City of New Rochelle § 331-45 (D), which allows membership clubs to renovate their premises as of right.

The petitioners applied to the Board of Appeals on Zoning of the City of New Rochelle (hereinafter the Zoning Board) for a use variance to legalize the enclosures. After a hearing, the Zoning Board denied the application, and the petitioners commenced this proceeding pursuant to CPLR article 78 to review the denial of their application and direct the Building Official of the City of New Rochelle to legalize the enclosed porches.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Matter of Fuentes v Planning Bd. of the Vil. of Woodbury*, 82 AD3d 883, 883-884 [2011]; *Matter of Dolphin v Zoning Bd. of Appeals of Town of Shelter Is.*, 64 AD3d 777, 778 [2009]). The Code of the City of New Rochelle § 331-45 (D) allows annual membership clubs, including beach clubs, to "remain or be renovated at their present location" subject to various specifications and restrictions relating to, inter alia, maximum size and coverage of structures on the lot, allowable noise and sound levels, and the number of cabanas or lockers (*see* Code of City of New Rochelle § 331-45 [D] [1]-[8]).

Here, the hearing testimony established that, inter alia, the enclosure of the porches did not extend the "footprint" of the clubhouse or increase Greentree's capacity to add to their membership. The testimony also established that, notwithstanding the increase in the amount of Greentree's square footage for zoning purposes, the enclosures were made within the existing footprint of the two porches. The record was devoid of any evidence that the proposed renovation resulted in any detriment to neighboring properties.

Thus, contrary to the appellants' contentions, the Supreme Court properly granted the petition, annulled the Zoning Board's determination, and directed the appellants to issue the subject building permit to the petitioners (*see Matter of Fuentes v Planning Bd. of the Vil. of Woodbury*, 82 AD3d at 883-884; *Matter of Dolphin v Zoning Bd. of Appeals of Town of Shelter Is.*, 64 AD3d 777 [2009]).

The appellants' remaining contention regarding the petitioners' alleged failure to exhaust their administrative remedies is without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.