Matter of Sid Jacobson Jewish Community Ctr., Inc. v Zoning Bd. of Appeals of the Inc. Vil. of Brookville (2021 NY Slip Op 01264)





Matter of Sid Jacobson Jewish Community Ctr., Inc. v Zoning Bd. of Appeals of the Inc. Vil. of Brookville


2021 NY Slip Op 01264


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-01586
 (Index No. 769/17)

[*1]In the Matter of Sid Jacobson Jewish Community Center, Inc., appellant, 
v
Zoning Board of Appeals of the Incorporated Village of Brookville, respondent.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Michael H. Sahn and Joseph R. Bjarnson of counsel), for appellant.
Chase, Rathkopf & Chase, LLP, Glen Cove, NY (Daren A. Rathkopf and Tip Henderson of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Brookville dated May 3, 2017, which, after a hearing, denied the petitioner's application for a conditional use permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), dated December 11, 2017. The judgment denied the amended petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, Sid Jacobson Jewish Community Center, Inc. (hereinafter the JCC), is the owner of the subject property, located in Brookville. The subject property is located in an R-5 zoning district. The R-5 district permits detached single-family dwellings and certain conditional uses, including, as relevant here, "any . . . nonresidential uses which may not be excluded pursuant to the state and federal laws." The JCC is a nonprofit nonsectarian Jewish organization which utilizes the subject property to operate the Bernice Jacobson Day School & Camp (hereinafter the Day School and Camp).
In March 2014, the JCC applied for a building permit seeking approval to expand the facilities at the subject property and to widen the existing driveway. The application for a building permit was denied, and the JCC was instructed to apply to the respondent, the Zoning Board of Appeals of the Incorporated Village of Brookville (hereinafter the ZBA), for a conditional use zoning permit.
In May 2014, the JCC filed a petition with the ZBA seeking a zoning permit for a conditional use to allow the proposed improvements at the subject property. After the petition was filed, five public hearings were conducted over the course of two years. In January 2017, the ZBA denied the JCC's application without issuing a decision.
In February 2017, the JCC filed the instant CPLR article 78 proceeding. In May 2017, the ZBA issued its decision, which summarized the proceedings and set forth the basis for its [*2]denial of the JCC's application. The ZBA determined, among other things, that the JCC's use of the subject premises for the Day School and Camp is not a conditional use allowed by the relevant zoning ordinances and that the proposed use would be detrimental to the neighborhood. In August 2017, the JCC filed an amended CPLR article 78 petition to address the ZBA's written decision.
By judgment dated December 11, 2017, the Supreme Court denied the amended petition and, in effect, dismissed the proceeding. The JCC appeals.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Greentree Country Club, Inc. v City of New Rochelle, 119 AD3d 570, 571 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613). "The determination of a local zoning board is entitled to great deference, and will be sustained as long as it has a rational basis, is not arbitrary and capricious, and is supported by substantial evidence" (Matter of North Shore F.C.P., Inc. v Mammina, 22 AD3d 759, 759-760).
Here, the ZBA's determination that the Day School and Camp operated by the JCC does not qualify as either a religious or educational use entitled to deferential zoning treatment has a rational basis in the record. Although the JCC is a religious organization, the evidence presented to the ZBA supports its determination that the activities and programs offered at the Day School and Camp are standard recreational activities that are offered at any summer camp (see McGann v Incorporated Vil. of Old Westbury, 293 AD2d 581, 583).
Similarly, the evidence presented during the proceedings supported the ZBA's determination that the JCC's camp operation is recreational, and not academic, in nature. Specifically, the evidence in the record established that the camp is operated under a children's camp permit issued by the Nassau County Department of Health, and the activities offered are predominately athletic and recreational in nature, e.g., sports, swimming, horseback riding, and diving. Further, no evidence was presented to demonstrate that the staff employed by the camp are qualified to instruct in subjects which are part of a regular school curriculum. Accordingly, the ZBA's determination has a rational basis in the record and the Supreme Court properly declined to disturb the determination (see Rorie v Woodmere Academy, 52 NY2d 200, 205; cf. Matter of Lawrence School Corp. v Lewis, 174 AD2d 42, 44-45).
Finally, the ZBA's determination that the JCC's proposed use would be detrimental to the neighborhood, and the residents thereof, is not arbitrary and capricious. The determination is supported by "specific, detailed testimony" provided by adjoining property owners "based on personal knowledge" (Matter of Bonefish Grill, LLC v Zoning Bd. of Appeals of the Vil. of Rockville Ctr., 153 AD3d 1394, 1398 [internal quotation marks omitted]), and thus the determination does not rest "entirely on subjective considerations such as general community opposition" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67, quoting Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772).
The JCC's remaining contentions are improperly raised for the first time on appeal and, in any event, are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court