Matter of Stelling v Gaudioso (2022 NY Slip Op 02409)

Matter of Stelling v Gaudioso

2022 NY Slip Op 02409

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2019-05704
 (Index No. 5217/18)

[*1]In the Matter of the Estate of Linda H. Stelling, appellant, 
v
Robert Gaudioso, etc., et al., respondents.

Law Office of Vincent J. Trimarco, LLP, Smithtown, NY (Clare B. Connaughton of counsel), for appellant.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Scott D. Middleton and Richard A. DeMaio of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Lake Grove dated September 5, 2018, which, after a hearing, denied the petitioner's applications for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated April 12, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of real property in the Village of Lake Grove consisting of a 16,000-square-foot lot, improved by a single-family residence. The property is located in a residential zoning district requiring a minimum lot size of 20,000 square feet. The petitioner submitted a minor subdivision application to the Lake Grove Village Planning Board (hereinafter the Planning Board) seeking to subdivide the property into two lots. The first lot would total 6,000 square feet and would include the existing single-family residence. The second lot would consist of the remaining 10,000 square feet, on which the petitioner proposed to build a new single-family residence. The Planning Board instructed the petitioner to apply to the Zoning Board of Appeals of the Incorporated Village of Lake Grove (hereinafter the ZBA) for the necessary area variances. The petitioner then submitted two variance applications to the ZBA. The first application requested, inter alia, a variance from the 20,000-square-foot lot area requirement down to 6,000 square feet. The second application requested, among other things, a variance from the 20,000-square-foot lot area requirement down to 10,000 square feet. After a hearing, where the petitioner indicated its intention to sell both houses if the variances were granted, the ZBA denied the petitioner's applications. The petitioner then commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination denying the requested area variances, asserting, inter alia, that it was arbitrary and capricious. In a judgment dated April 12, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community" (Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d 838, 839; see also Village Law § 7-712-b[3][b]). In making that determination, a zoning board must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved [*2]by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Village Law § 7-712-b[3][b]). "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 755, [internal quotation marks omitted]). A determination is rational, and not arbitrary and capricious, if it has some objective factual basis (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772).
Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608). Contrary to the petitioner's contentions, the denial of its applications, on the whole, had a rational basis and was not arbitrary or capricious (see Matter of Sasso v Osgood, 86 NY2d 374, 385; Matter of Harris v Zoning Bd. of Appeals of Town of Carmel, 137 AD3d 1130, 1131-1132). The evidence before the ZBA supported its findings that the proposed variances were substantial and that the benefit sought by the petitioner could have been achieved by a feasible alternative. The requested variances from the lot area, if granted, would have deviated 50% and 70%, respectively, from the requirements of the zoning law (see Matter of Ifrah v Utschig, 98 NY2d 304; Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals, 50 AD3d 683; Matter of Cortland LLC v Zoning Bd. of Appeals of Vil. of Roslyn Estates, 21 AD3d 371; Matter of Stewart v Ferris, 236 AD2d 767; Matter of McGlasson Realty v Town of Patterson Bd. of Appeals, 234 AD2d 462). Moreover, feasible alternative uses of the property are available to the petitioner, including construction of one house on the property instead of two (see Matter of Harn Food, LLC v DeChance, 159 AD3d 819).
Accordingly, the Supreme Court properly concluded that the ZBA's determination had a rational basis in the facts before it and was not arbitrary or capricious.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court