Matter of Pomponio v DeChance (2023 NY Slip Op 02880)

Matter of Pomponio v DeChance

2023 NY Slip Op 02880

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-08277
 (Index No. 172/20)

[*1]In the Matter of Nancy Pomponio, appellant, 
v
Paul M. DeChance, etc., et al., respondents.

Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated January 8, 2020, which, after a hearing, denied the petitioner's application, inter alia, for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered September 25, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In September 2019, the petitioner submitted an application to the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA) for a "Proposed 2 Lot Land Division" of certain real property owned by her and for area variances so as to enable her to construct a single-family residence on one of the subdivided lots. In a determination dated January 8, 2020, made after a hearing, the BZA denied the petitioner's application. The BZA determined, inter alia, that the proposed subdivision of the property, a 17,839-square-foot lot, would create a residential lot that was only 4,000 square feet, which "would bear no resemblance to the established development pattern of this neighborhood," in which the minimum required lot size was 22,500 square feet. In February 2020, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the BZA's determination. In a judgment entered September 25, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Greentree Country Club, Inc. v City of New Rochelle, 119 AD3d 570, 571 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613). "The determination of a local zoning board is entitled to great deference, and will be sustained as long as it has a rational basis, is not arbitrary and capricious, and is supported by substantial evidence" (Matter of North Shore F.C.P., Inc. v Mammina, 22 AD3d 759, 759-760).
"In making its determination [whether to grant an area variance], the zoning board [*2]of appeals shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant. In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]; see Matter of Sasso v Osgood, 86 NY2d 374, 382). "'The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational'" (Matter of Foster v DeChance, 210 AD3d 1085, 1086, quoting Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002).
Here, the BZA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Foster v DeChance, 210 AD3d at 1087; Matter of Massian v Board of Zoning Appeals of the Town of Brookhaven, 210 AD3d 984, 986). The evidence before the BZA supported its determination that the petitioner's proposed subdivision and requested variances would not conform to the established pattern of development and would produce an undesirable change in the character of the neighborhood (see Matter of Foster v DeChance, 210 AD3d at 1087; Matter of Massian v Board of Zoning Appeals of the Town of Brookhaven, 210 AD3d at 986; Matter of Estate of Stelling v Gaudioso, 204 AD3d 788, 790). Further, while the petitioner asserted that her property did not require subdivision because she already owned two separate lots, the record demonstrates that the lots comprising the subject property had merged pursuant to Code of the Town of Brookhaven § 85-2(C)(1) prior to the petitioner's application (see Matter of Teixeira v DeChance, 186 AD3d 1521, 1522; Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820). Consequently, the BZA's determination to the deny the petitioner's application was rational and not arbitrary and capricious (see Matter of Foster v DeChance, 210 AD3d at 1087).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court