Matter of Palmer v Town of New Windsor Zoning Bd. of Appeals (2024 NY Slip Op 01812)

Matter of Palmer v Town of New Windsor Zoning Bd. of Appeals

2024 NY Slip Op 01812

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2020-04571
 (Index No. 9284/19)

[*1]In the Matter of Stephanie Lynn Palmer, respondent,
v
Town of New Windsor Zoning Board of Appeals, appellant.

Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for appellant.
Blustein, Shapiro, Frank & Barone, LLP, Goshen, NY (Jay R. Myrow of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of New Windsor Zoning Board of Appeals dated December 9, 2019, which, after a hearing, denied the petitioner's application for area variances, the Town of New Windsor Zoning Board of Appeals appeals from a judgment of the Supreme Court, Orange County (Robert A. Onofry, J.), dated May 15, 2020. The judgment granted the amended petition, annulled the determination, and remitted the matter to the Town of New Windsor Zoning Board of Appeals for the issuance of the requested area variances.
ORDERED that the judgment is reversed, on the law, with costs, the amended petition is denied, and the proceeding is dismissed.
The petitioner owns a vacant lot in the Town of New Windsor. The lot is zoned as suburban residential, which imposes certain minimum square-footage, frontage, and setback dimensions. The lot does not conform with the dimensional requirements, nor do most or all of the lots nearby. Following her purchase of the lot, the petitioner applied to the Town Building Inspector for a permit to build a single-family residence thereon. After her application was denied, the petitioner applied to the Town Zoning Board of Appeals (hereinafter the ZBA) for area variances. In December 2018, the ZBA denied her application.
Subsequently, the petitioner submitted a revised application for a permit to build a single-family residence on the lot, which was also denied, and the petitioner again applied to the ZBA for certain area variances to build the residence. In a determination dated December 9, 2019, the ZBA denied the petitioner's application. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. In a judgment dated May 15, 2020, the Supreme Court granted the amended petition, annulled the determination, and remitted the matter to the ZBA for the issuance of the requested area variances. The ZBA appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken . . . was illegal, arbitrary, or [*2]an abuse of discretion" (Matter of Schweig v City of New Rochelle, 170 AD3d 863, 865 [internal quotation marks omitted]. "Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877). "A determination is rational 'if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition'" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67, quoting Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772). Judicial review of an administrative determination is confined to the record before the zoning board, "and proof outside the administrative record should not be considered" (Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton, 273 AD2d 387, 388; see Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d 975, 978).
"In making its determination [whether to grant an area variance], the zoning board of appeals shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant. In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612-613; Matter of Pomponio v DeChance, 216 AD3d 1165).
Here, contrary to the Supreme Court's determination, the record shows that the ZBA considered the relevant statutory factors (see Matter of Pomponio v DeChance, 216 AD3d 1165). Moreover, the ZBA's determination to deny the application for area variances was not arbitrary and capricious. Among other things, the ZBA rationally concluded that the area variances sought here, which departed up to 80% from the statutorily prescribed dimensional minimums in certain respects, were substantial, would cause an undesirable change in the neighborhood, and would have an adverse effect on the physical or environmental conditions of the neighborhood. In addition, the objections before the ZBA were factually grounded, and the petitioner admitted that her difficulty was self-created (see Matter of Wallach v Wright, 91 AD3d 881, 882; see also Matter of Heitzman v Town of Lake George Zoning Bd. of Appeals, 309 AD2d 1126, 1128).
The petitioner's remaining contentions are without merit.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court