OPINION OF THE COURT
 

 G.B. Smith, J.
 

 The sole issue presented in this case is whether the Board of Appeals of the Town of Hempstead abused its discretion, as a matter of law, in denying petitioner’s application for an area variance. We conclude that the Board did not abuse its discretion. We therefore reverse the order of the Appellate Division and dismiss the petition.
 

 Petitioner Gregory Pecoraro entered into a contract for the purchase of an unimproved parcel of land located on the north side of Madison Avenue in West Hempstead, Town of Hemp-stead. The contract was contingent on petitioner obtaining an area variance and a permit to build a single-family dwelling on the property. The subject property has a total land area of 4,000 square feet, with 40 feet of frontage width and 100 feet of depth.
 
 *611
 
 The property is located within a “B” residential zoning district, which requires 6,000 square feet of lot area, including 55 feet of frontage width, a front yard setback of 26 feet, a total side yard setback of 15 feet, an individual side yard setback of five feet and a building limit of 30% of the lot area.
 

 The subject property was once in common ownership with the improved parcel adjoining it to the west. The improved parcel has 60 feet of frontage width and 100 feet of depth. In 1959, the overall plot was illegally subdivided by the common owner, who conveyed the improved parcel to Abe Shenitzer and his wife, Sarah, and simultaneously conveyed the substandard parcel to Sarah and her mother, Dora Pomerantz. In 1969, Sarah Shenitzer and Pomerantz sought, and were denied, an area variance to build a single-family dwelling on the substandard parcel. In 1970, Supreme Court upheld the denial of the variance. In May 1980, petitioner’s contract vendor acquired the substandard parcel at a tax sale by the payment of two years’ taxes. Petitioner subsequently entered into a contract with the vendor to purchase-the property, subject to obtaining the variance, for $76,000.
 

 Petitioner applied for a variance to reduce the lot area requirement from 6,000 square feet to 4,000 square feet and to reduce the width requirement from 55 feet to 40 feet. Petitioner’s initial house plan also required a variance for side yard setbacks. At a hearing before respondent Board of Appeals, petitioner introduced expert testimony that the proposed development was in character with the neighborhood and would not negatively affect community property values. He introduced evidence that behind the subject lot, there existed four parcels that were also 40 feet by 100 feet. He also provided proof that the proposed development would not disturb the physical or environmental characteristics of the surrounding area.
 

 Several community residents appeared at the hearing to oppose the application and submitted a petition signed by 214 members of the community stating they were “in agreement with the Supreme Court of Nassau County decision that granting a variance ‘would be contrary to and have an adverse effect on the character of the area.’ ” The West Hempstead Civic Association also opposed the area variance based on the Board’s 1969 denial of a similar request. After the hearing, but before the Board rendered its decision, petitioner submitted plans for a smaller house that did not require side yard setback variances.
 

 
 *612
 
 Considering only petitioner’s revised house plans, the Board denied petitioner’s application. The Board concluded that the variance sought was a substantial one, requiring a 33.3% deficiency in lot area and a 27.3% deficiency in frontage width.The Board further concluded that the character of the area had not changed since its 1969 determination and that the neighborhood surrounding the subject property was overwhelmingly conforming to or larger than the zoning requirements. The Board thus held that granting the variance would have an adverse effect on the character of the neighborhood.
 

 Petitioner commenced this CPLR article 78 proceeding, seeking an annulment of the Board’s determination. Supreme Court granted the petition, annulled the decision and remanded the matter for further proceedings. The court held that the Board improperly denied the variance based on “generalized community opposition” and failed to provide specific reasons for its decision. The court further concluded that the Board’s denial of the variance in 1969 did not bar the granting of the variance here. The court, however, remanded the matter so that the Board could conduct a hearing on the application based on the final plans submitted to the Board. Both the Board and petitioner appealed.
 

 The Appellate Division modified Supreme Court’s order on the law by deleting the provision remitting the matter for an additional hearing and directing the Board to issue petitioner an area variance, and as modified, affirmed. The Court determined that no evidence was presented at the hearing upon which the Board could conclude that granting the area variance would adversely effect the character of the neighborhood. It also noted that no empirical data or expert testimony had been introduced to refute the evidence presented by petitioner. However, the Court decided that further proceedings were unnecessary because the final plans for petitioner’s house had been considered by the Board in reaching its conclusion, and the Court ordered the Board to issue the area variance. This Court granted leave to appeal, and we now reverse.
 

 Pursuant to Town Law § 267-b (3), when determining whether to grant an area variance, a zoning board of appeals must weigh the benefit of the grant to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted (see
 
 Matter of Ifrah v Utschig,
 
 98 NY2d 304, 307 [2002];
 
 Matter of Sasso v
 
 Osgood, 86 NY2d 374, 382, 384 [1995]). The zoning board is also required
 
 *613
 
 to consider whether (1) granting the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties; (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than a variance; (3) the requested area variance is substantial; (4) granting the proposed variance would have an adverse effect or impact on physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty is self-created. While the last factor is not dispositive, it is also not irrelevant
 
 (see Matter of Ifrah v Utschig,
 
 98 NY2d at 308).
 

 This Court has often noted that local zoning boards have broad discretion in considering applications for area variances and the judicial function in reviewing such decisions is a limited one. Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure
 
 (see Matter of Ifrah v Utschig,
 
 98 NY2d at 308;
 
 Matter of Twin County Recycling Corp. v Yevoli,
 
 90 NY2d 1000, 1002 [1997];
 
 Matter of Cowan v Kern,
 
 41 NY2d 591, 598 [1977]). A determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence
 
 (see Matter of Ifrah v Utschig,
 
 98 NY2d at 308;
 
 Matter of Fuhst v Foley,
 
 45 NY2d 441, 444 [1978]). In
 
 Matter of Cowan v Kern,
 
 this Court stated the rationale for this rule:
 

 “The crux of the matter is that the responsibility for making zoning decisions has been committed primarily to quasi-legislative, quasi-administrative boards composed of representatives from the local community. Local officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community. Absent arbitrariness, it is for locally selected and locally responsible officials to determine where the public interest in zoning lies” (41 NY2d at 599).
 

 For this reason, a reviewing court should refrain from substituting its own for the reasoned judgment of the zoning board. “It matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them”
 
 (id.).
 

 
 *614
 
 We conclude that both Supreme Court and the Appellate Division improperly supplanted the reasoned decision of the Board in favor of their own judgments. Giving due deference to the broad discretion of the Board, we cannot conclude that the Board’s denial of the variance was either an abuse of discretion or irrational under the circumstances presented. Nor do we agree with the courts below that the Board based its decision on generalized community objections. The record demonstrates that the Board reasonably considered all of the factors delineated in Town Law § 267-b and weighed the petitioner’s interest against the interest of the neighborhood.
 

 The Board’s conclusion that the area variance would have a negative impact on the character of the neighborhood was supported by documentary evidence that within the 200-foot radius of the subject property, the area was overwhelmingly conforming to or larger than the zoning requirements. While the Board relied on its 1969 denial of a similar variance, it did not give estoppel effect to that decision. Nor could it do so since Town Law § 267-b was enacted after that determination. However, in considering the first factor, the Board was entitled to observe the fact that the character of the neighborhood, in terms of the lot size and frontage widths of the parcels, had not changed since 1969. It was further entitled to take into account the fact that the subject parcel is the only one within the 200-foot radius on Madison Avenue that has a property width as narrow as 40 feet. Moreover, within the entire 200-foot radius of the subject parcel, out of 35 plots, only six plots (or 17.1%) have a 40-foot width. Of the remaining 29 plots, one has a width of 45 feet, five have a width of 50 feet, two have a width of 55 feet and 21 plots have a width of at least 60 feet. Under these circumstances, the Board could rationally conclude that the character of the area was that of parcels conforming to the zoning requirements, and that, therefore, granting the variance would have an adverse effect on the character of the neighborhood.
 

 In considering the other factors under Town Law § 267-b (3), the Board concluded that the requested variance was substantial. The variance sought would have allowed a 33.3% deficiency in lot area and a 27.3% deficiency in frontage width. It was not an abuse of discretion to determine that the substantiality of such a variance weighed against granting it. Moreover, the Board properly determined that the need for the variance was self-created here. Petitioner was fully aware that the subject parcel did not conform to the zoning requirements, which was
 
 *615
 
 the reason that the sale of the parcel was conditioned on obtaining the variance he seeks. The Board also rightly concluded that petitioner was in no better position than the contract vendor, who knew or should have known that the parcel was the result of an illegal subdivision and that a similar variance was previously denied by the Board.
 

 To be sure, the Board determined that aside from obtaining the variance, there was no other means by which petitioner could build a dwelling on the parcel. It also concluded that the construction itself would cause no physical or environmental harm to the neighborhood, both factors that weigh in favor of granting the variance. Nevertheless, it decided that given the character of the neighborhood and the substantiality of the deficiencies requested, the detriment to the community in granting the variance outweighed the benefit that would accrue to petitioner. That determination was within the Board’s discretion.
 

 While petitioner urges that the Board should have granted his variance given that all of the substandard parcels in the area have been improved, the Board was nonetheless entitled to deny the variance, especially given that none of the improvements on the substandard parcels were erected pursuant to a variance. Those parcels, though substandard, were legally nonconforming and the dwellings erected on them were built prior to the enactment of the current zoning ordinance. Only the subject property is the result of an illegal subdivision. And significantly, the Board has never issued an area variance for building upon any substandard parcel in the neighborhood.
 

 The Board was also entitled to consider that granting a variance for an illegally substandard parcel with 40 feet of frontage width could set a precedent within the neighborhood such that landowners of oversized parcels could illegally subdivide their land and seek an area variance to improve the substandard plot with the idea that two parcels with two houses are worth more than one parcel with one house. As the Board is entrusted with safeguarding the character of the neighborhood in accordance with the zoning laws (see Town Law § 267-b [3] [c]), it was well within its discretion to deny a variance that would have allowed an owner to take advantage of an illegally nonconforming parcel by erecting a dwelling upon it.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 
 *616
 
 Chief Judge Kaye and Judges Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 Order reversed, etc.