■ In the Matter of STEVEN ROBERTS, JR., et al., Appellants, v GERALD G. WRIGHT et al., Respondents. [896 NYS2d 124]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Town of Hempstead Board of Zoning Appeals, both dated January 28, 2008, which, after a hearing, denied their applications for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered September 30, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners own residential property in the Town of Hempstead, improved with a single-family dwelling. The

premises are located within a residential "B" district, which requires a minimum lot size of 6,000 square feet. The petitioners sought area variances from the Town of Hempstead Board of Zoning Appeals (hereinafter the BZA), which would enable them to subdivide the premises into two building plots, demolish the existing residence, and construct two new single-family dwellings. The revised plans provided for equal lots of approximately 5,795 square feet each. After a hearing, the BZA found that, although the variances sought were not substantial, the proposed substandard lots would have an adverse effect on the character and physical or environmental conditions of the neighborhood, which was characterized by lots much larger than required by the ordinance. The BZA denied the variances, and the petitioners commenced this proceeding pursuant to CPLR article 78. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Local zoning boards are vested with broad discretion in considering applications for area variances, and "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). A determination of a zoning board should be sustained on judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Alcantara v Zoning Bd. of Appeals, Vil. of Ossining, State of N.Y.*, 64 AD3d 774 [2009]). Where a rational basis for the determination exists, "a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *see Matter of Gebbie v Mammina*, 13 NY3d 728 [2009]).

"Pursuant to Town Law § 267-b (3), when determining whether to grant an area variance, a zoning board of appeals must weigh the benefit of the grant to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612). A zoning board must consider (1) whether the granting of the variance would result in an undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2)

whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (*see* Town Law § 267-b [3] [b]).

Here, the record demonstrates that the BZA engaged in the required balancing test and considered the relevant statutory factors (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Gebbie v Mammina*, 13 NY3d 728 [2009]). Its determination had a rational basis, was not arbitrary and capricious, and did not apply a different standard to the petitioners' property (*see* Town Law § 262). Accordingly, the Supreme Court properly denied the petition and dismissed this proceeding. Santucci, J.P., Miller, Eng and Lott, JJ., concur.