In the Matter of LARRY WALLACH, Appellant, v GERALD G. WRIGHT et al., Respondents. [936 NYS2d 685]—

Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). In determining whether to grant an area variance, a zoning board is required by Town Law § 267-b (3) (b) to engage in a balancing test "weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig*, 98 NY2d at 307). The zoning board is required to consider whether: (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created, by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighbor-

hood or district, and (5) the need for the variance was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374, 382 [1995]).

Here, the respondent Zoning Board of Appeals of the Town of Hempstead (hereinafter the Zoning Board) properly considered the statutory factors, and did not act arbitrarily or capriciously in denying the petitioner's applications for variances to maintain a hot tub enclosure, a hot tub, a fenced enclosure situated beneath a raised deck, and a pool deck. The Zoning Board engaged in the required balancing test, and considered the relevant factors. In particular, the Zoning Board rationally found, inter alia, that the granting of the variance applications would produce an undesirable change in the character of the neighborhood, especially in light of the significant nature of the requested variances (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614-615; *Matter of Kaiser v Town of Islip Zoning Bd. of Appeals*, 74 AD3d 1203, 1205 [2010]; *Matter of Power v Downes*, 73 AD3d 1074, 1075 [2010]; *Matter of Roberts v Wright*, 70 AD3d 1041, 1043 [2010]; *Matter of Hutchinson v Zoning Bd. of Appeals of Inc. Vil. of Cove Neck*, 302 AD2d 526 [2003]).

The Supreme Court also properly denied the petitioner's motion for leave to renew his petition, as the petitioner did not submit evidence which would change the court's prior determination (*see* CPLR 2221 [e] [2]). Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.