██ In the Matter of ASAAD NATHAN et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF RUSSELL GARDENS, Respondent. [943 NYS2d 615]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Russell Gardens dated March 19, 2010, which, after a hearing, denied the petitioners' revised application for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered October 13, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners sought to subdivide a large lot into two tandem lots and to construct a single-family home on the smaller of the two lots. The smaller lot (hereinafter the rear lot) would be situated directly behind the larger lot (hereinafter the front lot), would have no street frontage, and could only be accessed via a 20-foot wide, 170-foot long driveway. The petitioners sought certain variances since the proposed subdivision yielded two substandard lots, both of which were less than the 30,000 square-foot minimum lot size required by applicable zoning regulations. The Zoning Board of Appeals of the Village of Russell Gardens (hereinafter the ZBA) denied the petitioners' revised application.

Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Wallach v Wright, 91 AD3d 881 [2012]). In determining whether to grant an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612; Matter of Ifrah v Utschig, 98 NY2d at 307). Pursuant to Village Law § 7-712-b (3) (b), a zoning board is required to consider whether: (1) an undesirable change will be produced in the character of the neighborhood or a detri-

ment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created.

Here, the ZBA properly considered the statutory factors, and did not act arbitrarily and capriciously in denying the petitioners' revised application for variances necessary to subdivide their property. In particular, the ZBA rationally found, inter alia, that the granting of the variances would produce an undesirable change in the character of the neighborhood, especially in light of the substantial nature of the variances required.

The ZBA also rationally found, inter alia, that the variances needed to subdivide the petitioners' property were substantial, including but not limited to the 100% variance from the Code of the Village of Russell Gardens (hereinafter Village Code), requiring lots to have at least 125 feet of street frontage. This frontage requirement is set forth in Village Code § 60-12.1, which was enacted, over the petitioners' objections, during the pendency of the petitioners' revised permit application before the Village Buildings Department, thereby requiring the petitioners to seek an additional and substantial area variance of the street frontage requirement. In light of the timing of the enactment of the new frontage requirement, the petitioners argue that the "special facts exception" prohibits the ZBA from applying Village Code § 60-12.1 to their revised subdivision application or that, alternatively, the variances should have been granted so as to minimize the adverse impact that the zoning change had upon them. "Although the general rule is that a court should apply the zoning provisions in effect at the time it renders its decision, pursuant to the special facts exception, this Court may apply the law in effect at the time the petitioner[s'] application to the Zoning Board was made" if the municipality unduly delayed proceedings and acted in bad faith (*Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 158-159 [2009] [citations omitted]). To claim the benefit of the special facts exception, however, a petitioner must have been entitled to the relief sought as a matter of right before the law changed (*id.* at 159; *see Matter of Jamaica Recycling Corp. v City of New York*, 38 AD3d 398, 400 [2007]). Since the petitioners were not entitled to any variances as a matter of right prior to the enactment of Village Code § 60-12.1, including

the variances from the minimum lot size requirement, this case does not fall within the special facts exception (*Matter of Anstu Farm v Town Bd. of Town of Wash.*, 285 AD2d 503, 504 [2001]). Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.