# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**256**
**CA 15-00501**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ELAM SAND & GRAVEL CORP.,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF WEST BLOOMFIELD ZONING BOARD OF
APPEALS, SUE S. STEWART, NEIGHBORS TO SUPPORT
WEST BLOOMFIELD, AND CITIZENS TO SUPPORT WEST
BLOOMFIELD, RESPONDENTS-RESPONDENTS.

---

HOPKINS SORGI & ROMANOWSKI PLLC, EAST AURORA (PETER SORGI OF COUNSEL),
FOR PETITIONER-APPELLANT.

BOYLAN CODE LLP, ROCHESTER (DAVID K. HOU OF COUNSEL), FOR
RESPONDENT-RESPONDENT TOWN OF WEST BLOOMFIELD ZONING BOARD OF APPEALS.

NIXON PEABODY LLP, ROCHESTER (TERENCE L. ROBINSON, JR., OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS SUE S. STEWART, NEIGHBORS TO SUPPORT
WEST BLOOMFIELD, AND CITIZENS TO SUPPORT WEST BLOOMFIELD.

---

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered November 28, 2014 in a proceeding pursuant to CPLR article 78.  The judgment, inter alia, dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Town of West Bloomfield Zoning Board of Appeals (ZBA) denying its application for a use variance to operate a sand and gravel mine.  Contrary to petitioner's contention, Supreme Court properly dismissed the petition upon determining that the denial of the application for a use variance had a rational basis, and was not arbitrary and capricious.

It is undisputed that, at the time petitioner entered into a lease with the landowner, mining was a permitted use provided that a special use permit was obtained.  However, before a special use permit was issued to petitioner, the West Bloomfield Town Board passed a resolution adopting a moratorium on sand and gravel mining operations in the Town and ultimately adopted a local law that, inter alia, prohibited mining in the R-1 Low Density district where the subject property is located.  Petitioner then applied for a use variance.

After considering the information provided by petitioner, as well as that provided by an engineer retained by the ZBA to review the application and by opponents of the application, the ZBA determined, inter alia, that petitioner failed to establish three of the four factors constituting the unnecessary hardship required for the issuance of a use variance (*see* Town Law § 267-b [2] [b]). Specifically, the ZBA determined that petitioner failed to establish that the property could not realize a reasonable return with permitted uses; that the hardship was unique to the property and does not apply to a substantial portion of the district or neighborhood; and that issuing the variance would not alter the essential character of the neighborhood (*see id.*).

It is well established that "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure . . . 'It matters not whether, in close cases, a court would have, or should have, decided the matter differently.  The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them' " (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613).  We conclude that the court properly determined that the ZBA's determination has a rational basis and is not arbitrary and capricious (*see* CPLR 7803 [3]).  Contrary to petitioner's contention, we further conclude that the determination is not affected by an error of law inasmuch as the ZBA properly applied the factors constituting unnecessary hardship set forth in Town Law § 267-b (2) (b).  We note that, although petitioner provided expert testimony with respect to those factors, "it is the 'sole province of the ZBA . . . as administrative factfinder' to resolve issues of credibility" (*Matter of HoliMont, Inc. v Village of Ellicottville Zoning Bd. of Appeals*, 112 AD3d 1315, 1315).  In view of our determination that the ZBA's determination with respect to Town Law § 267-b (2) (a) was not affected by an error of law, we need not address petitioner's contention concerning the Town Code.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court