Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven (2020 NY Slip Op 03912)





Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven


2020 NY Slip Op 03912


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00851
 (Index No. 3012/17)

[*1]In the Matter of Ronald A. Kaye, appellant,
v
Zoning Board of Appeals of the Village of North Haven, respondent.


Tarbet & Lester, PLLC, East Hampton, NY (Jonathan Tarbet of counsel), for appellant.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Scott D. Middleton, Hayley M. Gregor, and Richard A. DeMaio of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of North Haven dated May 9, 2017, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered December 20, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 1995, the petitioner purchased a residential property in the Village of North Haven consisting of a lot with an area of 157,241 square feet and improved with a single-family dwelling. The property is located within an "R-1" zoning district, which requires a minimum lot size of 80,000 square feet. In 2016, the petitioner applied for an area variance from the Zoning Board of Appeals of the Village of North Haven (hereinafter the ZBA) to subdivide the property into two lots. The proposed subdivision would result in a north lot and a south lot. The north lot, which contained all of the preexisting residential property improvements, would consist of 80,000 square feet. The south lot, which was in a natural state and would thereafter be developed with a single-family dwelling, would consist of 77,241 square feet.
After a hearing, the ZBA found that, although the variance sought as a percentage was not substantial, the proposed substandard lot would have a detrimental effect on, and would cause an undesirable change in, the character of the neighborhood, which was characterized by lots much larger than that required by code. Moreover, the ZBA found that the hardship was self-created, since the applicable zoning provisions were in effect when the petitioner purchased the property. The ZBA denied the petitioner's application for an area variance. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
Local zoning boards are vested with broad discretion in considering applications for area variances, and "[c]ourts may set aside a zoning board determination only where the record [*2]reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; see Matter of Ifrah v Utschig, 98 NY2d 304, 308). A determination of a zoning board should be sustained on judicial review if it has a rational basis, and is not arbitrary and capricious (see Matter of Schweig v City of New Rochelle, 170 AD3d 863; Matter of Roberts v Wright, 70 AD3d 1041). Where a rational basis for the determination exists, "a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196; see Matter of Roberts v Wright, 70 AD3d 1041).
Pursuant to Village Law § 7-712-b(3)(b), when determining whether to grant an area variance, a zoning board of appeals must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Schwartz v LaRocca, 167 AD3d 906; Matter of Gallo v Rosell, 52 AD3d 514). In addition, a zoning board must consider (1) whether granting the variance would result in an undesirable change in the character of the neighborhood or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether granting the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (see Village Law § 7-712-b[3][b]).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614; Matter of Roberts v Wright, 70 AD3d at 1041). Contrary to the petitioner's contentions, the ZBA's determination that the introduction of a substandard lot was detrimental to, and would cause an undesirable change in, the character of the neighborhood, which was characterized by oversize lots, had a rational basis (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614; Matter of Roberts v Wright, 70 AD3d at 1041), and the ZBA was entitled to consider the effect its decision would have as a precedent (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 615; Matter of Gallo v Rosell, 52 AD3d at 516). Moreover, the petitioner is presumed to have known about the applicable zoning restrictions when he purchased the property, and therefore, any hardship was self-created (see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949; Matter of Gallo v Rosell, 52 AD3d at 516).
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court