Matter of D.P.R. Scrap Metal, Inc. v Board of Zoning Appeals of Town of N. Hempstead (2020 NY Slip Op 05505)





Matter of D.P.R. Scrap Metal, Inc. v Board of Zoning Appeals of Town of N. Hempstead


2020 NY Slip Op 05505


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-11121
 (Index No. 3461/17)

[*1]In the Matter of D.P.R. Scrap Metal, Inc., et al., respondents, 
v
Board of Zoning Appeals of Town of North Hempstead, appellant.


Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Adriana Demirciyan and Deborah Algios of counsel), for appellant.
Albanese & Albanese LLP, Garden City, NY (Bruce W. Migatz of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated August 16, 2017, which, after a hearing, inter alia, denied a variance application by D.P.R. Scrap Metal, Inc., the Board of Zoning Appeals of the Town of North Hempstead appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 5, 2018. The judgment granted the petition, annulled the determination, and directed the Board of Zoning Appeals of the Town of North Hempstead to issue the requested variance.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner D.P.R. Scrap Metal, Inc. (hereinafter DPR), operates a metal recycling business on property owned by the petitioner 125 Hopper Street, Inc., in the Town of North Hempstead. DPR applied for, inter alia, a variance from the requirement of Town Code § 70-187(k), which prohibits storage or baling of scrap paper, iron, bottles, rags, or junk outside the confines of an enclosed building. The variance application was denied, and DPR appealed to the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board). After a hearing, the Board, among other things, denied the variance application. The petitioners commenced this proceeding pursuant to CPLR article 78 against the Board to annul the determination to deny DPR's application for the variance on the ground that the determination was arbitrary and capricious. By judgment entered July 5, 2018, the Supreme Court, granted the petition, annulled the determination, and directed the Board to issue the variance. The Board appeals.
The parties, like the Supreme Court, analyze the subject application as one for an area variance. Since the parties have framed the dispute in these terms, we will resolve it accordingly, assuming, without deciding, that the application of area variance principles is appropriate to this case. When a zoning board of appeals makes a determination of whether to grant an area variance to an applicant, the zoning board must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612; [*2]Matter of Ifrah v Utschig, 98 NY2d 304, 307; Matter of Sasso v Osgood, 86 NY2d 374, 384). Pursuant to Town Law § 267-b, the zoning board must consider the following five factors when making its determination: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Town Law § 267-b[3][b]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613).
While "[l]ocal zoning boards have broad discretion in considering applications for area variances" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67), conclusory findings of fact are insufficient to support a determination (see Matter of Farrell v Board of Zoning & Appeals of Inc. Vil. of Old Westbury, 77 AD2d 875, 876). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Bd. of Appeals of Town of Hempstead, 2 NY3d at 613; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772).
Here, we agree with the Supreme Court's finding that the Board's determination to deny the variance was arbitrary and capricious and not supported by evidence. The Board's determination was based on anonymous and unsubstantiated complaints regarding DPR's metal recycling business, and no evidence was presented at the hearing to demonstrate that granting the variance would lead to an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise be detrimental to the health, safety, and welfare of the neighborhood or community (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613).
Accordingly, we agree with the Supreme Court's determination to grant the petition, annul the determination, and direct the Board to issue the requested variance.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court