Matter of Bernstein v Putnam Val. Zoning Bd. of Appeals (2021 NY Slip Op 00844)





Matter of Bernstein v Putnam Val. Zoning Bd. of Appeals


2021 NY Slip Op 00844


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-00561 DECISION, ORDER & JUDGMENT
 (Index No. 882/16)

[*1]In the Matter of Benjamin Bernstein, et al., petitioners/appellants, 
v
Putnam Valley Zoning Board of Appeals, et al., respondents/respondents.


Scott W. Pearl, Esq., P.C., New York, NY, for petitioners/appellants.
William J. Florence, Jr., Peekskill, NY, for respondents/respondents Putnam Valley Zoning Board of Appeals, Putnam Valley Planning Board, and Putnam Valley Wetlands Inspector Bruce Barber.
David E. Frazer, named herein as David Frazer, New York, NY, respondent/respondent pro se and for respondent/respondent Alice Soloway.



Proceeding pursuant to CPLR article 78 to review (1) a determination of the Town of Putnam Valley Wetlands Inspector dated September 5, 2015, which granted a permit waiver to David Frazer, inter alia, for the construction of a hot tub in a wetland buffer, and (2) a determination of the Town of Putnam Valley Zoning Board of Appeals dated June 1, 2016, which granted the application of David Frazer and Alice Soloway for area variances related, inter alia, to the construction of the hot tub, which proceeding was transferred to this Court pursuant to CPLR 7804(g) by order of the Supreme Court, Putnam County (Paul I. Marx, J.), dated December 29, 2016, and appeal by the petitioners from stated portions of the same order.
ORDERED that the appeal is dismissed, as no appeal lies as of right from an interlocutory order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and we decline to grant leave to appeal; and it is further,
ADJUDGED that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The petitioners are owners of residential property located in Putnam Valley. David Frazer and Alice Soloway are owners of residential property located adjacent to the petitioners' property. On September 5, 2015, the Town of Putnam Valley Wetlands Inspector (hereinafter the Wetlands Inspector), pursuant to chapter 144 of the Code of the Town of Putnam Valley (hereinafter Town Code), which governs freshwater wetlands, watercourses, and waterbodies, issued a permit waiver to Frazer, inter alia, for the construction of a hot tub in a wetland buffer, subject to conditions. Subsequently, on June 1, 2016, the Town of Putnam Valley Zoning Board of Appeals [*2](hereinafter the ZBA) issued a determination granting the application of Frazer and Soloway for area variances related, inter alia, to the construction of the hot tub, subject to conditions. The petitioners commenced this proceeding pursuant to CPLR article 78 to annul the determinations of the Wetlands Inspector and the ZBA. In an order dated December 29, 2016, the Supreme Court, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g) on the ground that the petition raised a substantial evidence issue.
The Supreme Court should not have transferred the proceeding to this Court pursuant to CPLR 7804(g), because the determinations to be reviewed were not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803[4]), and, therefore, the petition did not raise a substantial evidence issue within the meaning of CPLR 7804(g) (see Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead, 164 AD3d 501, 502; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-772). Nevertheless, in the interest of judicial economy, this Court will decide the proceeding on the merits (see Matter of Towers v Weiss, 131 AD3d 621, 622; Matter of Halperin v City of New Rochelle, 24 AD3d at 773).
The petitioners' contention that the permit waiver is invalid and should be annulled for failure to comply with Town Code chapter 144 is without merit (see Town Code § 144-6). Moreover, the determination of the Wetlands Inspector, that the proposed action was insignificant and thus a permit waiver was appropriate, was not arbitrary and capricious or an abuse of discretion (see Town Code § 144-6[D]; CPLR 7803[3]). Contrary to the petitioners' contention, the Wetlands Inspector considered drainage issues related to the hot tub and any adverse impact the hot tub might have on the wetlands, the wetlands buffer, and the lake, as evidenced by the fact that the permit waiver was specifically conditioned, among other things, on the hot tub not discharging to the wetland or wetland buffer area, and the Wetlands Inspector noted that the work was to be conducted in a previously disturbed area.
Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to ascertaining whether the determination of the board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d 820, 821). In making a determination whether to grant an area variance, a zoning board of appeals is required, pursuant to Town Law § 267-b(3), to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Town Law § 267-b[3][b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (see Town Law § 267-b[3][b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613; Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d at 821).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the five relevant statutory factors in granting the application for area variances related to the hot tub (see Town Law § 267-b[3][b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613; Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d at 822). Moreover, the record reveals that the ZBA's determination had a rational basis and was not arbitrary or capricious (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613).
Accordingly, we confirm the determinations, deny the petition, and dismiss the proceeding on the merits.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court