Matter of D'Souza v Board of Appeals of the Town of Hempstead (2021 NY Slip Op 01771)





Matter of D'Souza v Board of Appeals of the Town of Hempstead


2021 NY Slip Op 01771


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-01418
 (Index No. 3794/17)

[*1]In the Matter of Desmond D'Souza, appellant,
v
Board of Appeals of the Town of Hempstead, respondent.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Christian Browne and Joseph R. Bjarnson of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Nicholas Tuffarelli of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated October 18, 2017, which, after a hearing, denied an application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated November 27, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, Desmond D'Souza, the owner of a parcel of property located in a part of West Hempstead where the minimum frontage width permitted is 55 feet, applied for area variances and subdivision approval. The petitioner wished to subdivide the subject property, which is improved with one single-family home, into three lots. He sought to maintain the existing single-family home on one lot and to build two new single-family homes, each on their own lot. The two additional homes, however, would each have only 15.44 feet of frontage width. After a hearing, the respondent, the Board of Appeals of the Town of Hempstead, denied the application. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination. By judgment dated November 27, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"When a zoning board of appeals makes a determination of whether to grant an area variance to an applicant, the zoning board must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (Matter of D.P.R. Scrap Metal, Inc. v Board of Zoning Appeals of Town of N. Hempstead, 187 AD3d 748, 749). "A zoning board must consider (1) whether granting the variance would result in an undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether granting the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) [*2]whether the alleged difficulty is self-created" (Matter of Neeman v Town of Warwick, 184 AD3d 570, 571-572; see Town Law 267-b[3][b]).
Here, contrary to the petitioner's contention, the respondent properly weighed the relevant statutory factors in Town Law § 267-b(3)(b) and its determination was not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Teixeira v DeChance, 186 AD3d 1521). "The zoning board may refuse to duplicate previous error; it may change its views as to what is for the best interests of the [neighborhood]; or it may give weight to slight differences which are not easily discernable" (Matter of Monte Carlo 1, LLC v Weiss, 142 AD3d 1173, 1176 [internal quotation marks omitted]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court