Matter of Gasparino v Town of Brighton Zoning Bd. of Appeals (2021 NY Slip Op 06239)





Matter of Gasparino v Town of Brighton Zoning Bd. of Appeals


2021 NY Slip Op 06239


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


755 CA 20-00820

[*1]IN THE MATTER OF JOSEPH GASPARINO AND SUSAN DRESSNER GASPARINO, PETITIONERS-RESPONDENTS,
v
TOWN OF BRIGHTON ZONING BOARD OF APPEALS, RESPONDENT-APPELLANT, EDWARD HALL AND PATRICIA HALL, RESPONDENTS. 






WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENT-APPELLANT.
THE ZOGHLIN GROUP, PLLC, ROCHESTER (JACOB H. ZOGHLIN OF COUNSEL), FOR PETITIONERS-RESPONDENTS.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered June 9, 2020 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and annulled the determination of respondent Town of Brighton Zoning Board of Appeals to grant an area variance to respondents Edward Hall and Patricia Hall. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent Town of Brighton Zoning Board of Appeals (ZBA) appeals from a judgment in a proceeding pursuant to CPLR article 78. The judgment granted the petition and annulled the ZBA's determination granting the application of respondents Edward Hall and Patricia Hall (applicants) for an area variance, which they sought for the construction of an addition to their home. We agree with the ZBA that Supreme Court erred in granting the petition, and we therefore reverse.
In determining whether to grant an area variance, a zoning board of appeals is "required to weigh the benefit to the applicants of granting the variance against any detriment to the health, safety and welfare of the neighborhood or community affected thereby, taking into account the five factors set forth in Town Law § 267-b (3) (b)" (Matter of Freck v Town of Porter, 158 AD3d 1163, 1165 [4th Dept 2018], lv denied 32 NY3d 903 [2018]; see Matter of Mimassi v Town of Whitestone Zoning Bd. of Appeals, 124 AD3d 1329, 1330 [4th Dept 2015]). The five factors set forth in the statute are: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (§ 267-b [3] [b]; see Matter of Qing Dong v Mammina, 84 AD3d 820, 821 [2d Dept 2011]). Although the fifth factor "shall be relevant to the decision of the [zoning] board of appeals, [it] shall not necessarily preclude the granting of the area variance" (§ 267-b [3] [b]). A zoning board of appeals is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929 [2d Dept 2007]; see Matter of Feinberg-Smith Assoc., [*2]Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d 1350, 1352 [3d Dept 2018]). In this case, we agree with the ZBA that the court erred in concluding that the ZBA failed to undertake the required analysis and that the ZBA's determination lacked a rational basis.
The administrative record and the ZBA's formal return in the CPLR article 78 proceeding establish that the ZBA considered the five statutory factors, including whether the alleged difficulty was self-created (see Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d 1152, 1154 [3d Dept 2015], lv denied 25 NY3d 1039 [2015]; Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan, 39 AD3d 1041, 1043 [3d Dept 2007]). Thus, we conclude that the ZBA "rendered its determination after considering the appropriate factors and properly weighing the benefit to the [applicants] against the detriment to the health, safety and welfare of the neighborhood or community" if the variance was granted (Matter of DeGroote v Town of Greece Bd. of Zoning Appeals, 35 AD3d 1177, 1178 [4th Dept 2006]). We further conclude that the record establishes that the ZBA's determination had the requisite rational basis (see generally Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d 820, 821 [2d Dept 2020]). It was therefore error for the court to substitute its judgment for that of the ZBA, "even if such a contrary determination is itself supported by the record" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196 [2002]; see Kaye, 185 AD3d at 821).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court