Matter of Rachmanov v Board of Stds. & Appeals of the City of N.Y. (2022 NY Slip Op 06565)

Matter of Rachmanov v Board of Stds. & Appeals of the City of N.Y.

2022 NY Slip Op 06565

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 150615/20 Appeal No. 16678 Case No. 2021-01826 

[*1]In the Matter of Beni Rachmanov, Petitioner-Appellant,
v
The Board of Standards and Appeals of the City of New York et al. Respondents-Respondents, Sholom Daycare, Inc., Respondent.

Law Firm of Edward Vitale, Forest Hills (Edward Vitale of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about November 17, 2020, which denied the petition to annul a determination of respondent Board of Standards and Appeals of the City of New York (BSA), dated September 17, 2019, affirming the issuance of a building permit, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously vacated, on the law, the proceeding treated as one transferred to this Court for de novo review, and, upon such review, the petition granted to the extent of annulling the determination in part and remanding the matter to BSA for further proceedings consistent herewith, and the determination otherwise confirmed, and the proceeding dismissed, without costs.
Because the petition raises an issue of substantial evidence, the proceeding should have been transferred to this Court pursuant to CPLR 7804(g) (see Matter of 101 Park Ave. Assoc. II, LLC v City of New York, 200 AD3d 401, 401 [1st Dept 2021]).
Petitioner claims that the side yard on the northern side of the lot at issue was below curb level, in violation of New York City Zoning Resolution (ZR) § 33-293, which requires "an open area at curb level" to be provided in a commercial district abutting a rear lot line in a residential district. BSA's rejection of this argument was arbitrary and capricious and is not supported by substantial evidence (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). BSA found that this side yard complied with ZR § 33-22, which provides that "the level of a yard . . . shall not be higher than curb level," but that "this Section shall not be construed to require that natural grade level be disturbed in order to comply with this requirement." The phrase "this requirement" limits the latter clause to the requirement for the yard level to be no higher than curb level. In contrast, ZR § 33-293 imposes a stricter requirement as to the curb level and does not include any language regarding whether compliance may require the natural grade level be disturbed. On remand, BSA should adequately address the issue of compliance with ZR § 33-293, consistent with this decision.
Petitioner failed to preserve his arguments as to a rooftop fence, a rooftop playground, and the means of egress from a drug store. In a CPLR article 78 proceeding challenging an administrative determination, this Court does not have discretionary authority to "reach[] an unpreserved issue in the interest of justice" (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001] [internal quotation marks omitted]).
BSA's determination, otherwise, had a rational basis and is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Among other things, BSA rationally found that the parapet and bulkhead should be excluded [*2]from the calculation of the height of the front wall under ZR § 33-431.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022