Matter of Denisov v DeChance (2025 NY Slip Op 01629)

Matter of Denisov v DeChance

2025 NY Slip Op 01629

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-06155
 (Index No. 606066/21)

[*1]In the Matter of Dimitri Denisov, et al., respondents,
v
Paul M. DeChance, etc., et al., appellants.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant Paul M. DeChance.
Harris Beach PLLC, Uniondale, NY (Thomas J. Garry, Svetlana K. Ivy, Adam M. Moss, and Brian Ginsberg of counsel), for appellants Vincent Pascale, Steven Wilutis, Patricia Kelly, Peter Zarcone, Karen Dunne, Richard Smith, John Rose, Planning Board of the Town of Brookhaven, and Town of Brookhaven.
Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Brookhaven dated March 8, 2021, which, after a hearing, granted the application of Paul M. DeChance for authority to subdivide the subject property, subject to land division and variance approval by the Board of Zoning Appeals of the Town of Brookhaven and other conditions, and action for declaratory relief, Paul M. DeChance appeals, and Vincent Pascale, Steven Wilutis, Patricia Kelly, Peter Zarcone, Karen Dunne, Richard Smith, John Rose, the Planning Board of the Town of Brookhaven, and the Town of Brookhaven separately appeal, from a judgment of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 10, 2021. The judgment, insofar as appealed from, granted the petition and annulled the determination.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the petition is denied, and the proceeding is dismissed on the merits.
Paul M. DeChance sought to subdivide his 1.67-acre lot, occupied by a single-family home, to create an additional building lot and construct a second single-family home on the additional lot. DeChance's lot is part of a 28-lot subdivision known as Sunset Bluffs, approved in 1984, subject to covenants and restrictions, one of which states that "[n]o lot shall be subdivided or its lot lines changed in any manner at any future date unless authorized by the Brookhaven Town Planning Board." DeChance applied to the Planning Board of the Town of Brookhaven (hereinafter the Planning Board) for authority to subdivide his lot, using a form application that asked for "relief of covenant."
The Planning Board, in considering the application, clarified that the relief sought was permission from the Planning Board to subdivide the lot, not repeal of the language in the covenant. After a hearing, in a determination dated March 8, 2021, the Planning Board granted the application subject to certain conditions, including land division and variance approval by the Board of Zoning [*2]Appeals of the Town of Brookhaven (hereinafter the Board of Zoning Appeals). The Planning Board recognized that only the Board of Zoning Appeals could grant subdivision approval and necessary variances to accomplish the subdivision. Another condition imposed by the Planning Board was that "[n]o clearing, grading or other development shall be located within the existing drainage easement."
The petitioners/plaintiffs (hereinafter the petitioners), owners of lots within the Sunset Bluffs subdivision, commenced this hybrid proceeding pursuant to CPLR article 78 to review the Planning Board's determination and action for a judgment declaring that the covenant is in full force and effect and that the DeChance lot cannot be subdivided without approval of every lot owner in the Sunset Bluffs subdivision. In a judgment dated August 10, 2021, the Supreme Court granted the petition, annulled the Planning Board's determination, and severed the declaratory judgment causes of action. The court found that the Planning Board demonstrated confusion as to whether it was setting aside the covenant, originally enacted as part of the 1984 subdivision plan, or was granting authorization to subdivide pursuant to the terms of the covenant. The court further found that the Planning Board's conclusion that "the record does not support the conclusion that the subdivision and development of the subject property will have a negative effect on the existing drainage conditions in the area" was not supported by the record, since the individuals who addressed that issue were not engineers or experts in soil compaction. DeChance appeals, and Vincent Pascale, Steven Wilutis, Patricia Kelly, Peter Zarcone, Karen Dunne, Richard Smith, John Rose, the Planning Board, and the Town of Brookhaven separately appeal.
Contrary to the Supreme Court's conclusion, the Planning Board, in rendering its determination, found that "the application before [it] is not to repeal the covenant, but to act pursuant to the covenant language. . . . Therefore, evidence of 'changed circumstances' is not necessary." That finding conformed with the language of the covenant that "[n]o lot shall be subdivided or its lot lines changed in any manner at any future date unless authorized by the . . . Planning Board." In other words, the covenant required the approval of the Planning Board for further subdivision; it did not categorically prohibit further subdivision.
"A local planning board has broad discretion in reaching its determination on applications . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead, 164 AD3d 501, 502 [internal quotation marks omitted]). Where, as here, a determination is made after a public hearing that is not a quasi-judicial hearing based upon sworn testimony, "courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead, 164 AD3d at 502-503).
Here, the evidence in the record included reports by a certified appraiser and a licensed contractor, as well as a determination of the Division of Environmental Protection of the Town of Brookhaven that "the project is not of sufficient scope and/or complexity to require a full Environmental Review," and its draft negative declaration that "this action is not anticipated to have a significant effect upon the environment." The Planning Board imposed as a condition that "[n]o clearing, grading or other development shall be located within the existing drainage easement." Further, the Planning Board imposed as a condition that "[a]ll other covenants and conditions shall remain in full force and effect." This included a covenant that "[c]learing and grading within each lot shall be limited to that necessary for siting and constructing a house with the intent of preserving as much of the natural vegetation on the site as possible."
The petitioners' remaining contentions are without merit.
In view of the foregoing, the Planning Board's determination was not arbitrary and capricious, and the rationality of that determination was supported by substantial evidence.
Accordingly, we reverse the judgment insofar as appealed from, deny the petition, and [*3]dismiss the proceeding on the merits.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court